IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

MIKE WEST,                                    CV 11-129-M-DWM-JCL

               Plaintiff,

       vs.                                        FINDINGS AND
                                                   RECOMMENDATION
SCOTT ELROD, M.D.,
WESTERN MONTANA
MENTAL HEALTH, and
UNITED STATES,

               Defendants.

_____

## I.    INTRODUCTION

By Order entered October 13, 2011, the Court granted Plaintiff Mike West, appearing pro se, leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). The Court has ordered service of West's pleadings on Defendants Scott Elrod and Western Montana Mental Health.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

1

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal–

        (i) is frivolous or malicious;

        (ii) fails to state a claim on which relief may be granted; or

        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review West's pleadings to consider whether his allegations against the United States can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.   <u>PLAINTIFF'S ALLEGATIONS</u>

Plaintiff Mike West commenced this action complaining about medical or mental health treatment provided to him by Defendant Scott Elrod. As best as can be ascertained from West's incomplete allegations, it appears he is presently subject to court-ordered treatment for mental health conditions — West states he is "in a mental health system [...] under a claused [sic] court agreement."

The subject of West's Complaint is a medication prescribed to him by Elrod which is allegedly causing West to experience adverse side effects. West complains that the medication is causing him to experience a level of sexual disfunction that is tantamount to sterilization — a result that allegedly violates federal law prohibiting the sterilization of individuals with mental illnesses. West asserts he is obligated to take the medication prescribed to him, otherwise he will be involuntarily committed for further treatment. Consequently, West requests injunctive relief requiring Elrod to prescribe a different medication for him that does not have adverse side effects.

Although West names the "United States" as a defendant in this action, the only allegations regarding the United States simply assert that 60 years ago the United States made it illegal to sterilize any individual. West does not request any form of relief be imposed directly against the United States. Instead, West requests a declaration confirming that it is illegal in the United States to force an individual to take medication for sterilization and contraceptive purposes, for purposes of reducing sexual function/performance, or for purposes of preventing an individual from having sex.

### III.  DISCUSSION

Because West is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal

3

pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Even with liberal construction, West's allegations wholly fail to state any claim upon which relief could be granted against the United States. West's factual allegations do not identify any conduct, act, or omission committed by the United States, or its agencies, officers, or employees which would subject it to liability. Furthermore, under the circumstances of this case, the Court finds that West's allegations could not possibly be amended to state any claim against the United States.

Therefore, IT IS HEREBY RECOMMENDED that the United States be DISMISSED with prejudice.

DATED this 9th day of May, 2012.

                                                /s/ Jeremiah C. Lynch
                                                Jeremiah C. Lynch
                                                United States Magistrate Judge