IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

MIKE WEST,   CV 11-129-M-DWM-JCL

      Plaintiff,

  vs.   FINDINGS AND
      RECOMMENDATION
SCOTT ELROD, M.D., and
WESTERN MONTANA MENTAL
HEALTH CENTER,

      Defendants.

_____

Defendants Scott Elrod, M.D. and the Western Montana Mental Health Center filed a Fed. R. Civ. P. 56 motion for summary judgment dismissing this action. For the reasons stated, the Court recommends the motion be granted, and this action be dismissed.

## I.    BACKGROUND

Plaintiff Mike West is prosecuting this action pro se. And the Court previously granted him leave to proceed in forma pauperis under 28 U.S.C. § 1915(a).

West commenced this action complaining about medical or mental health treatment provided to him by Defendant Scott Elrod. His complaint alleges he is subject to court-ordered treatment for his mental health conditions.

The focus of West's complaint filed in September, 2011, is a medication prescribed to him by Elrod which, at that time, allegedly caused West to experience adverse side effects. West complains that the medication caused him to experience a level of sexual dysfunction tantamount to sterilization — a result that allegedly violates federal law prohibiting the sterilization of individuals with mental illnesses. West asserted he was obligated to take the medication prescribed to him, otherwise he would be involuntarily committed for further treatment. Consequently, West requested injunctive relief requiring Elrod to prescribe a different medication for him that does not have adverse side effects.

On March 16, 2012, West filed an amended complaint adding the Western Montana Mental Health Center (Mental Health Center) as a Defendant in this action because Elrod was previously employed there at the time West received medical treatment from Elrod. Elrod and the Mental Health Center now move for summary judgment dismissing this action on the ground that there exist no facts which support any viable federal claim under 42 U.S.C. § 1983.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A movant may satisfy this burden where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251 (1986).

A party moving for summary judgment who does not have the burden of persuasion at trial, must produce evidence which either: (1) negates an essential element of the non-moving party's claim, or (2) shows that the non-moving party does not have enough evidence of an essential element to ultimately carry his burden at trial. *Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once the moving party has satisfied its burden, the non-moving party must go beyond the pleadings and designate by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). A party opposing summary judgment must identify evidence establishing that a dispute as to a particular material fact is genuine. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opponent "must

do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. The party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

Also, "[i]n considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), abrogated on other grounds as noted in *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

Finally, because West is proceeding pro se the Court must construe his documents liberally and give them "the benefit of any doubt" with respect to Defendants' summary judgment motion. *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999). *See also Erickson v. Pardus* 551 U.S. 89, 94 (2007).

## III. DISCUSSION

The Court first notes that West has not filed any brief in opposition to Defendants' motion for summary judgment, and the time for doing so has passed. Under Local Rule 7.1(d)(1)(B), a party's "failure to file a response brief may be deemed an admission that the motion is well-taken."

But the Ninth Circuit has made clear that a district court may not grant "summary judgment simply because a party fails to file an opposition or violates a local rule," and the court must "analyze the record to determine whether any disputed material fact [is] present." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010). *See also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (explaining that "a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law").

Bearing these principles in mind, the Court turns now to the question of whether Defendants have met their summary judgment burden of showing there are no material issues of fact and they are entitled to judgment as a matter of law on West's potential federal claims.

By Order entered October 13, 2011, the Court reviewed West's allegations to consider whether they were adequate to survive dismissal under the in forma pauperis statute at 28 U.S.C. § 1915(e)(2). The Court concluded that with liberal construction, West's allegations stated a plausible claim for relief under 42 U.S.C. § 1983. Consequently, the Court served West's complaint on Elrod to afford West an opportunity to marshal further facts that would be necessary to succeed on a claim under section 1983.

Section 1983 states, in part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983. Section 1983 is the vehicle through which a plaintiff can present claims under federal law against a state official or employee if the plaintiff can establish that the official or employee was (1) acting under color of state law, and (2) deprived the plaintiff of a federal right secured by the Constitution or laws of the United States. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

The first element under section 1983 requires that a defendant must "have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Therefore, section 1983 generally does not apply to the conduct of private parties. *Kirtley*, 326 F.3d at 1092. "The state-action element in § 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Caviness v. Horizon Community Learning Center, Inc.*, 590 F.3d 806, 812 (9th Cir.

2010) (quoting *American Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Elrod and the Mental Health Center move for summary judgment, in part, on the ground that the facts of this case establish they are private parties, and neither of them acted under color of state law as is necessary to support any section 1983 claim. The Defendants are correct.

The record reflects that the Mental Health Center is a private corporation operating a health care facility. Attached to Defendants' counsels' declaration is a Certificate of Existence signed by the Montana Secretary of State on October 23, 2012, certifying that the Mental Health Center is a corporation organized under the laws of Montana since 1975. Dkt. 32 at 7.

Elrod also filed an affidavit in support of Defendants' summary judgment motion. Elrod is a private medical doctor specializing in psychiatry. From 1997 through January 2012, Elrod served as a medical director employed by the Mental Health Center. He states that West was one of his patients for several years while Elrod was employed at the Mental Health Center. Elrod asserts that West sought medical treatment from him as a "private patient," and that his treatment provided to West was never directed or supervised by any government agency or provided under any governmental authority. Elrod stopped providing medical treatment to

West when Elrod left his employment with the Mental Health Center in January, 2012.

Based on the foregoing, the facts presented by Defendants affirmatively establish they are both private parties to whom the provisions of section 1983 generally do not apply.

Nonetheless, in limited circumstances a private party's conduct could constitute state action for purposes of imposing liability on that party under section 1983. The Ninth Circuit Court of Appeals has recognized the following four tests used to identify private action that qualifies as state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Kirtley*, 326 F.3d at 1092 (quotations and citations omitted). The fundamental consideration in each test is whether the private conduct is fairly attributable to the state. *Id*. Significantly, though, the law presumes that a private actor's conduct does not constitute "state action," and the plaintiff in a section 1983 action bears the burden of establishing that a particular defendant should be deemed a "state actor" under any of the identified tests. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

Again, because West has not responded to Defendants' summary judgment motion, he has neither identified any facts, nor presented any evidentiary materials

suggesting Defendants' alleged conduct constituted state action under any of the four tests. But the Court will proceed to consider whether the record reflects the existence of any dispute as to the facts material to the four tests, and whether Defendants are thus entitled to judgment as a matter of law.

Relevant to the state-action tests are West's allegations suggesting that he has been subject to some unspecified form of civil commitment for mental health reasons. *See generally* Title 53, Chapter 21 of the Montana Code Annotated. Thus, in responding to those allegations Defendants filed a copy of a document dated October 27, 2010, entitled "Stipulation to Deferred Community Commitment and Waiver of Hearing" (Stipulation). Dkt. 32 at 4 of 9. The Stipulation was filed on that date in a civil commitment matter pending in the Montana Fourth Judicial District Court, Missoula County: *In the Matter of Mike West, a/k/a Michael Baptiste*, Cause No. DI-08-102. The Stipulation reflects that the State of Montana agreed to defer its continued enforcement of an "existing community commitment order" imposed against West to afford him an opportunity to voluntarily comply with mental health treatment he needs. As a condition of the State's deferred enforcement of the commitment order, West agreed to continue receiving medical treatment from his treatment provider, Dr. Elrod.

Elrod recognizes he was identified as West's physician in the Stipulation. But he asserts he was not involved in the referenced state court legal proceedings, and that the Stipulation did not affect any aspect of the treatment he provided to West. Dkt. 33 at 4-5 of 5. As noted, Elrod confirms his treatment provided to West was not done so under the direction or supervision of any governmental agency or authority.

Therefore, even in light of the referenced civil commitment proceedings against West, there exists no evidence in the record that could support a conclusion that Elrod or the Mental Health Center engaged in any "state action" under any of the four state-action tests with respect to their medical treatment provided to West. There is no evidence that the State of Montana endowed Elrod or the Mental Health Center with powers or functions that are both traditionally and exclusively governmental in nature as required under the "public function test." *Kirtley*, 326 F.3d at 1093. Nor is there any evidence in the record suggesting that the State of Montana had "so far insinuated itself into a position of interdependence with [Elrod or the Mental Health Center] that it must be recognized as a joint participant in" Elrod's alleged activity. *Id*. There also is no evidence indicating the State of Montana asserted any "coercive influence" or provided any "significant encouragement" sufficient to convert Elrod's private

10

action into governmental action as required under the compulsion test. *Id*. 326 F.3d at 1094. Finally, there is no evidence of "a close nexus between" the State and Elrod's private conduct in providing medical treatment to West sufficient to characterize that treatment as having been provided by the State itself. *Id*. 326 F.3d at 1095.

## IV. CONCLUSION

Based on the foregoing, the Court concludes the evidence in the record of this case establishes that neither Elrod nor the Mental Health Center committed any "state action" — an essential element of West's claims under 42 U.S.C. § 1983. They are, instead, private actors who have not performed any action under color of state law, and they cannot be held liable under section 1983. Therefore, IT IS RECOMMENDED that Defendants' summary judgment motion be GRANTED, and this action be DISMISSED.

DATED this 2nd day of January, 2013.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge